Argued and submitted December 11, 2013, affirmed April 9, 2014

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

GARY LEE WOODROME,
*Defendant-Appellant.*

Lane County Circuit Court
201105172; A149396

325 P3d 47

Andrew D. Coit argued the cause for appellant. With him on the brief was Coit & Associates, P.C.

Paul L. Smith, Attorney-in-Charge, argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Jeremy C. Rice, Assistant Attorney General.

Before Sercombe, Presiding Judge, and Hadlock, Judge, and Tookey, Judge.

PER CURIAM

## PER CURIAM

Defendant appeals a judgment of conviction for two counts of sexual abuse in the first degree, ORS 163.427, which arose from an encounter with his 11-year-old granddaughter (the victim). Defendant presents five assignments of error. We reject without discussion all but the first assignment of error, in which defendant contends that the trial court erred when it failed to disclose the victim's school and medical records to him.

Before trial, defendant subpoenaed the victim's school and medical records for *in camera* review by the trial court. *See* ORS 135.873 (setting forth provisions related to protective orders and *in camera* review of records by a trial court). After performing the *in camera* review, the trial court declined to release the records to defendant, concluding that "no exculpatory evidence was contained within the documents."

On appeal, defendant requests that we examine the victim's records to determine whether the trial court erred in failing to disclose discoverable materials. The state does not oppose defendant's request.

We have examined the records at issue. Based on that examination, we conclude that, in the totality of the circumstances presented by this case, to the extent that any of the information contained within the records was discoverable, failure to produce that information was harmless. *See State v. Davis*, 336 Or 19, 32, 77 P3d 1111 (2003) (error is harmless if there is "little likelihood that the particular error affected the verdict").

Affirmed.